REUBEN PERRY v. SYLVESTER PEARCE.

Where a judgment which had been standing for several terms, and upon which
   an execution had issued and the land of defendant sold, had been set aside
   ·upon the motion of the defendant, it requires no notice of a motion on the
   part of the plaintiff to revoke the order setting the judgment aside, and to
   ·reinstate the same and the execution on the docket.

MOTION to reinstate a judgment and execution, heard be-
fore *Watts, J.,* at the Fall Term, 1872, of JOHNSTON Superior
Court.

The action was DEBT on a bond, brought to Spring Term,
1867, of the Superior Court of Law for Johnston county,
under our former practice, at which term the entry is made
of the pleas of "payment and set off." At Fall Term, 1867,
" Judgment by default" is entered on the docket, and the
case is thence regularly continued until the adoption of our
Code of Civil Procedure, when it is transferred to the docket
of the new Superior Court as required by law. At Fall
Term, 1869, of the Superior Court, the judgment is made
final for $582.80, with interest on $363.50, from 20th Sept.,
1869, " according to specialty filed," and execution issued
for the amount, 6th December, 1869. Upon the return day
of the execution, the Sheriff returns that he has levied the
same on the defendant's interest in certain lands, and sold
the same for $400, the plaintiff being the purchaser, which
money had been applied as part payment of the execution.
No other property to be found. March 7th, 1870. At
Spring Term, 1871, of the said Court, the defendant after due

notice to the plaintiff, moves to set aside the judgment and execution, basing the motion upon an affidavit, in which he swears that he pleaded at the proper time and had a substantial ground of defence; that when the case was called at Fall Term, 1869, in the absence of his counsel, " Judgment" was written opposite the case. His counsel as soon as he came in, moved to strike out the entry, which was ordered by the Court. That the cause was referred and continued. Afterwards, in December, 1869, when the Court was not in session, judgment by default was entered for the whole amount of plaintiff's claim without the knowledge or consent of defendant or his attorney. That the arbitrators acted, and returned their award, 28th February, 1871. That at Spring Term, 1870, execution issued, and the land of defendant was sold, 7th March, 1870. That defendant had no notice that the judgment was entered till the last term of this Court, nor of the levy upon, and sale of his property, and had no knowledge of the same until a summons was served on him at the instance of the plaintiff demanding possession of the land.

The arbitrators filed an award 28th of February, 1871, the terms of which it is unnecessary to state. His Honor granted the defendant's motion and set aside the judgment and execution, and also the award of the arbitrators.

At the next term of the Court the plaintiff filed his own and other affidavits, denying some of the statements contained in that of the defendant, and showing that there were two original suits, one for debt and the other in assumpsit against the defendant, the latter of which was referred; that defendant had notice of the sale of his land and rented it of plaintiff after the sale; wherefore the plaintiff moved to revoke the order setting aside the judgment and execution and to reinstate the same. His Honor granted the motion, and the defendant, for the reason that no notice had been served on him of such motion, appealed.

PERRY *v.* PEARCE.

*Smith & Strong* and *L. W. Barringer,* for appellant.
*A. M. Lewis,* contra.

BOYDEN, J. No notice of the motion on the part of the plaintiff was necessary, for the plainest reason, to-wit: that at the term of the Court immediately preceding that, at which this motion was made, a previous judgment of three years standing, had at the instance of the defendant, been set aside, and the case placed upon the docket and stood regularly for trial at the time the motion was made to reinstate the original judgment; so that it was the duty of the counsel, to take notice of any motion made against the interest of their clients.

And besides, this motion to reinstate the original judgment, stood over for two terms before it was acted on, without any objection for the want of notice. As to the other point let it be granted that there was such irregularity in the original judgment, as would have entitled the defendant to relief, if the motion had been made in due time, still it is too late for the defendant to ask for relief at this late day. The judgment here stood three years, executions had issued thereon, the defendants land sold purchased by the plaintiff, and by him rented to the defendant, before this application was made to set aside the original judgment. This makes it unnecessary to inquire into the regularity of the judgment, after such gross laches on the part of the defendant. Independent of this, the defendant in his affidavit to set aside the judgment does not swear that he has any defence to the suit, and it is to be inferred from his affidavit, that he owes the debt and merely seeks delay.

There is no error. The judgment below is affirmed.
This will be certified.

PER CURIAM.                                        Judgment affirmed.